IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| KIM BOTTE, individually and on behalf of all others similarly situated,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>STATE FARM LIFE INSURANCE COMPANY,<br><br>　　　　　Defendant. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiffs Kim Botte, individually and on behalf of all other persons similarly situated, makes the following allegations pursuant to the investigation of their counsel and based upon information and belief, except as to allegations specifically pertaining to herself, which are based on personal knowledge.

## NATURE OF THE ACTION

1. This is a class action for breach of contract, declaratory relief, and violations of General Business Law § 349 to recover amounts that Defendant has charged and collected from Plaintiff and members of a class of life insurance policy owners in excess of amounts authorized by the express terms of their policies. Plaintiff's claims and those of the proposed class are exclusively supported by the explicit provisions of their life insurance policies and are not derived from any alleged conversations had, or documents reviewed, at the time of sale.

2. The terms of Plaintiff's life insurance policy provide for an "Account Value" consisting of money held in trust by Defendant for Plaintiff. Over the course of several years, Defendant has deducted excess money from Plaintiff's Account Value in breach of her policy's terms.

1

3. Defendant is contractually bound to deduct only those charges that are explicitly identified and authorized by the terms of its life insurance policies. Despite the unambiguous language of the policy, which is a fully integrated agreement, Defendant deducts charges from the Account Values of Plaintiff and the proposed class in excess of amounts specifically permitted by their policies.

4. Defendant has caused material harm to Plaintiff and the proposed class by improperly draining monies they have accumulated in the Account Values under their policies. Every unauthorized dollar taken from policy owners is one less dollar on which policy owners earn interest and one less dollar that policy owners can use for their own benefit.

5. Plaintiff brings this case as a class action under Federal Rule of Civil Procedure 23, on behalf of herself and as a representative of a class of persons who own or owned a State Farm universal life policy issued on Form 94030 in the State of New York.

## PARTIES

6. Plaintiff Kim Botte is, and has been at all relevant times, a resident of Lynbrook, New York and has an intent to remain there, and is therefore a domiciliary of New York.

7. Defendant State Farm Life Insurance Company is a life insurance company organized and existing under the laws of the State of Illinois, and maintains its principal place of business in Bloomington, Illinois.

## JURISDICTION AND VENUE

8. This Court has jurisdiction over all causes of action asserted herein pursuant to 28 U.S.C. § 1332(d) because this is a class action with diversity of citizenship between parties and the matter in controversy exceeds $5,000,000, exclusive of interest and costs, and the proposed Class contains more than 100 members.

9.      Venue is proper in this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred in this District.

## COMMON FACTUAL ALLEGATIONS

10.     Plaintiff purchased from Defendant a flexible premium adjustable insurance policy bearing the policy number AS-0056-7380, and a policy date of July 28, 1996, with an initial basic amount of $100,000.

11.     Plaintiff has always been the "owner" under the Policy, and her daughter has always been the "insured" under the Policy.

12.     Defendant is the effective and liable insurer of the Policy.

13.     The Policy is a valid and enforceable contract between Plaintiff and Defendant.

14.     The Policy is the entire contract, and it consists of the Basic Plan, any amendments, endorsements, and riders, and a copy of the application.

15.     The terms of the Policy are not subject to individual negotiation and are materially the same for all policy owners.  They cannot be altered by an agent's representations at the time of sale.

16.     No insurance agent has the authority to change the policy or to waive any of its terms.  All endorsements, amendments, and riders must be signed by an officer to be valid.

17.     Defendant has administered and currently administers all aspects of the Policy, and all policies that fall within the Class definition set forth above (together, the "Policies"), including collecting premiums, and setting, assessing and deducting policy charges.

18.     In addition to a death benefit under the policy, policyholders pay premiums that are deposited into an interest-bearing account that accumulates over time, and which is referred to as the "Account Value."

19. The money that makes up the Account Value is the property of the policy owner and is held in trust by Defendant.

20. On a monthly basis, State Farm makes a deduction from the Account Value (the "monthly deduction"). The text of the policy explains that the monthly deduction consists of three components: "(1) the cost of insurance, (2) the monthly charges for any riders, and (3) the monthly expense charge."

21. The policy states that "[t]he monthly expense charge is $5.00." This is a promise that as part of the monthly deduction, State Farm will deduct no more than five dollars to cover expenses related to offering the policy.

22. The cost of insurance rate is a separate component of the monthly deduction. The policy explains that the cost of insurance consists of rates for each policy year that are "based on the Insured's age on the policy anniversary, sex, and applicable rate class." The "applicable rate classes" were developed before the policy was offered to Plaintiff and other consumers. Among other factors included in the applicable rate classes are charges related to expense recovery. In other words, in addition to assessing a five-dollar charge as part of the monthly deduction, State Farm also recovered for expenses through the cost of insurance charge.

23. The policy does not state that State Farm can include loads for expenses in the cost of insurance charge, and State Farm did not disclose to policyholders that it was including such expenses in the cost of insurances charge.

24. A reasonable policyholder would understand the policy as promising that expenses included in the monthly deduction are five dollars per month, and State Farm breached this promise by including additional expense loads in the cost of insurance rate.

25. As a direct and proximate result of Defendant's breach, Plaintiff and the Class

have been damaged and those damages are continuing in nature in that Defendant has deducted and will continue to deduct expenses from the Account Values of Plaintiff and the Class in amounts not authorized by the Policies.

26. The nature of Defendant's conduct is such that Plaintiff and each member of the Class would be unaware that Defendant was engaging in wrongdoing by taking inflated charges and improper amounts from their Account Values. Defendant possesses the actuarial information and equations underlying the computation of rates and charges for the Policies. The Monthly Cost of Insurance Rates used to calculate the monthly Cost of Insurance Charges are not disclosed to policy owners, nor are the components or factors that comprise those rates. Even if they were, Plaintiff and the Class would lack the knowledge, experience, and training to reasonably ascertain how Defendant calculated the rates and charges.

27. Defendant was aware that Plaintiff and each member of the Class did not know about the improper deductions because of Defendant's superior knowledge of the aforementioned computations. Defendant sent Plaintiff annual statements that identified each month's Cost of Insurance Charge while affirmatively concealing the factors Defendant used to calculate the Cost of Insurance Rates. Despite reasonable diligence on her part, Plaintiff was kept ignorant by Defendant of the factual bases for these claims for relief. Defendant's withholding of material facts concealed these claims and tolled all applicable statutes of limitation.

28. Plaintiff reasonably relied to her detriment on Defendant's fraudulent concealment of its violations. As a result of such concealment, Plaintiff did not believe that it was necessary to file a lawsuit. Plaintiff did not discover, and exercising reasonable diligence could not have discovered, the facts establishing Defendant's breaches or the harm caused

thereby. Plaintiff did not learn of Defendant's breaches of the Policy supporting her claim until approximately April 2022.

29. Defendant is estopped from asserting a statute of limitations defense. Defendant's conduct in failing to disclose the true factors it was using to calculate the Cost of Insurance Rates misled Plaintiff and prevented her from learning of the factual bases for these claims for relief. Plaintiff proceeded diligently to file suit once she discovered the need to proceed.

## CLASS ALLEGATIONS

30. **Class Definition:** Plaintiff seeks to represent a class of similarly situated individuals defined as everyone who owns or owned a universal life insurance policy issued by State Farm on Form 94030 in the State of New York.

31. Subject to additional information obtained through further investigation and discovery, the above-described Class may be modified or narrowed as appropriate, including through the use of subclasses.

32. **Numerosity (Fed. R. Civ. P. 23(a)(1)):** At this time, Plaintiff does not know the exact number of members of the aforementioned Class. However, the number of putative class members is believed to be so numerous that joinder of all members is impractical, and at least higher than 40.

33. **Commonality and Predominance (Fed. R. Civ. P. 23(a)(2), 23(b)(3)):** There is a well-defined community of interest in the questions of law and fact involved in this case. Questions of law and fact common to the members of the Class that predominate over questions that may affect individual members of the Class include:

    (a) whether Defendant charged amounts in excess of those specifically authorized by the Policy;

    (b) whether Defendant breached the terms of the Policy;

(c) whether putative class members are entitled to damages and/or other relief as a remedy for Defendant's unlawful conduct; and

34. **Typicality (Fed. R. Civ. P. 23(a)(3)):** Plaintiff's claims are typical of those of the Class because the express terms of the Policies purchased from Defendant by Plaintiff and putative class members contain the same or materially the same limitations on the amounts Defendant can charge under the Policies.

35. **Adequacy (Fed. R. Civ. P. 23(a)(4)):** Plaintiff has retained and is represented by qualified and competent counsel who are highly experienced in complex consumer class action litigation. Plaintiff and her counsel are committed to vigorously prosecuting this class action. Moreover, Plaintiff can fairly and adequately represent and protect the interests of the Class. Neither Plaintiff nor her counsel has any interest adverse to, or in conflict with, the interests of the absent members of the Class. Plaintiff has raised viable claims of the type reasonably expected to be raised by members of the Class, and will vigorously pursue those claims.

36. **Superiority (Fed. R. Civ. P. 23(b)(3)):** A class action is superior to other available methods for the fair and efficient adjudication of this controversy because individual litigation of the claims of all members of the Class is impracticable. Even if every member of the Class could afford to pursue individual litigation, the court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous cases would proceed. Individualized litigation would also present the potential for varying, inconsistent or contradictory judgments, and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same factual issues. By contrast, the maintenance of this action as a class action, with respect to some or all of the issues presented herein, presents few management difficulties, conserves the resources of the parties and of the court system and

protects the rights of each member of the Class. Plaintiff anticipate no difficulty in the management of this action as a class action.

## CAUSES OF ACTION

### COUNT I
### Breach of Contract

37. Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

38. Plaintiffs brings this claim individually and on behalf of the members of the proposed Class against Defendant.

39. By loading Monthly Cost of Insurance Rates with undisclosed and unauthorized expenses, Defendant impermissibly deducts expenses from the Account Values of Plaintiff and the Class in amounts that exceed the fixed and maximum Expense Charges expressly authorized by the Policies.

40. By deducting unauthorized Expense Charges from the Account Values of Plaintiff and putative class members, Defendant has breached the Policies.

41. As a direct and proximate result of Defendant's breach, Plaintiff and the putative class members have sustained damages that are continuing in nature in an amount to be determined at trial.

### COUNT II
### Declaratory and Injunctive Relief

42. Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

43. Plaintiffs brings this claim individually and on behalf of the members of the proposed Class against Defendant.

44. An actual controversy has arisen and now exists between Plaintiff and the Class, on the one hand, and Defendant, on the other, concerning the respective rights and duties of the parties under the Policies.

45. Plaintiff contends that Defendant has breached the Policies. By inflating Monthly Cost of Insurance Rates under the Policies with expense factors, including without limitation, maintenance, administrative, and other expense factors, that are not disclosed as being used to determine those rates, Defendant impermissibly deducted Expense Charges from the Account Values of Plaintiff and the Class in amounts in excess of the fixed and maximum Expense Charges expressly authorized by the Policies.

46. Plaintiff therefore seeks a declaration of the parties' respective rights and duties under the Policies and requests the Court to declare the aforementioned conduct of Defendant as unlawful and in material breach of the Policies so that future controversies may be avoided.

47. Pursuant to a declaration of the parties' respective rights and duties under the Policies, Plaintiff further seeks an injunction: (1) temporarily, preliminarily, and permanently enjoining Defendant from continuing to engage in conduct in breach of the Policies, and from continuing to collect unlawfully inflated charges in violation of the Policies; and (2) ordering Defendant to comply with terms of the Policies in regards to its assessment of charges against Plaintiff and Class members' Account Values.

### COUNT II
### Violation of the New York Deceptive Trade Practices Act, New York Gen. Bus. Law § 349, *et seq*

48. Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

49. Plaintiffs brings this claim individually and on behalf of the members of the proposed Class against Defendant.

9

50. By reason of the acts set forth above, Defendant has been and is engaged in deceptive acts or practices in the conduct of a business, trade, or commerce in violation of New York's General Business Law § 349.

51. Defendant engaged in deceptive conduct by, *inter alia*, deducting Expense Charges from the Account Values of Plaintiff and the Class in amounts in excess of the fixed and maximum Expense Charges expressly authorized by the Policies.

52. The public is likely to be damaged because of Defendant's deceptive trade practices or acts.

53. Defendant directs the conduct at issue here at consumers.

54. Defendant's deceptive acts are likely to mislead a reasonable consumer acting reasonably under the circumstances.

55. Defendant's deceptive acts affect the public interest in the state of New York because, upon information and belief, consumers located in New York purchased the life insurance policies at issue here.

56. As a result of Defendant's use of employment of deceptive acts or business practices, Plaintiff and each of the other Members of the class have sustained damages in an amount to be proven at trial.

57. Plaintiff seeks on behalf of herself and all putative class members, all relief available under GBL § 349.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff seeks a judgment against Defendant, individually and on behalf of all others similarly situated, as follows:

(a) For an order certifying the Class under Rule 23 of the Federal Rules of Civil Procedure, naming Plaintiff as representative of the Class, and naming Plaintiff's attorneys as Class Counsel to represent the Class;

(b) For an order declaring that Defendant's conduct violates the statutes referenced herein;

(c) For an order finding in favor of Plaintiff and the Class on all counts asserted herein;

(d) An award of statutory damages to the extent available;

(e) For punitive damages, as warranted, in an amount to be determined at trial;

(f) For prejudgment interest on all amounts awarded;

(g) For injunctive relief as pleaded or as the Court may deem proper; and

(h) For an order awarding Plaintiffs and the Class their reasonable attorneys' fees and expenses and costs of suit.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b)(1), Plaintiffs demand a trial by jury of all issues so triable.

Dated: May 16, 2022                 Respectfully submitted,

By: /s/ Joshua D. Arisohn

**BURSOR & FISHER, P.A.**
Joshua D. Arisohn
888 Seventh Avenue
New York, NY 10019
Tel: (646) 837-7150
Fax: (212) 989-9163
E-Mail: jarisohn@bursor.com

**BURSOR & FISHER, P.A.**
Joel D. Smith*
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Tel: (925) 300-4455
Fax: (925) 407-2700
E-Mail: jsmith@bursor.com

*Pro Hac Vice Application Forthcoming*

*Attorneys for Plaintiff and the Putative Class*